THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL BURNINGHAM,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [57] MOTION FOR RESTITUTION PAYMENTS AND DENYING [55] MOTION TO STAY THE IMPOSITION OF RESTITUTION**<br><br>Case No. 4:22-CR-00083<br><br>District Judge David Nuffer |

Defendant Paul Burningham filed a Motion to Stay Imposition of Restitution[1] and the United States filed a Response[2] arguing that Burningham should be ordered to make restitution payments after the Fifth District Court of Utah decides whether it will hold an evidentiary hearing on the amount Plaintiff owes his victims.

The United States also filed a Motion for Restitution Payments[3] after the Fifth District Court denied Burningham's motion for an evidentiary hearing on restitution. Burningham filed a Response[4] that argued that restitution should be satisfied because he deposited the entirety of the agreed restitution with the Fifth District Court and the victims merely have not sought release of the restitution funds. Based on the filings and evidence presented, Defendant's Motion to Stay Restitution is DENIED, and the United States' Motion for Restitution Payments is GRANTED.

---

[1] Restitution Status Report and Unopposed Motion to Stay Imposition of Restitution ("Motion to Stay"), docket no. 55, filed March 11, 2024.

[2] Response to Motion to Stay Imposition of Restitution ("USA Response"), docket no. 56, filed March 25, 2024.

[3] Motion for Restitution Payments ("Motion for Restitution Payments"), docket no. 57, filed April 24, 2024.

[4] Paul Burningham's Response to USA Motion for Restitution Payments ("Burningham's Response"), docket no. 59, filed May 1, 2024.

A.  BACKGROUND

1. On December 18, 2023, the Defendant Paul Burningham, under a plea agreement,[5] was sentenced to two years' probation with three months home confinement and ordered to pay restitution in the amount of $355,262.[6]

2. Payment of restitution was stayed for 90 days.[7]

2. In 2020, Burningham had deposited $420,262 with Utah's Fifth District Court in *Ball et al. v Burningham et al.*, Case Number 190500532.

3. The money could satisfy Mr. Burningham's restitution obligation in this case but has not been released because of a dispute between the victims and Mr. Burningham about the amount owing.[8] The state civil case claims the victims were damaged "in the amount of at least $355,262.00" and seeks "an award of punitive damages."[9]

4. On February 28, 2024, Burningham moved for an evidentiary hearing in the Fifth District Court to determine if he owes the victim the full $355,262 or some lesser amount.[10]

5. On March 11, 2024, Burningham moved to stay restitution until after the Fifth District Court decided whether it would hold an evidentiary hearing on the amount of restitution.[11]

6. On April 23, 2024, the Fifth District Court denied Mr. Burningham's motion for an evidentiary hearing because "fact and expert discovery have not yet been completed."[12]

---

[5] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C), docket no. 40, filed September 19, 2023.

[6] USA Response at 1; Judgment, docket no. 49, filed January 2, 2024; Indictment, docket no. 1, filed July 27, 2022.

[7] Addendum to the Presentence Report, docket no. 46-1, filed under seal December 11, 2023.

[8] USA Response at 1.

[9] Second Amended Complaint, filed July 23, 2022, *Ball et al. v Burningham et al.*, Fifth District Case Number 190500532.

[10] USA Response at 2.

[11] USA Response at 2; Motion for Restitution Payments at 2.

[12] Motion for Restitution Payments at 2.

7. On April 24, 2024, the United States moved that Burningham start making restitution balance on his outstanding balance.[13] The United States reasoned that Burningham's payment of restitution at this time is consistent with the ruling issued at sentencing and judgment.[14]

8. On May 1, 2024, Burningham argued that the restitution matter is closed since restitution is held with the Fifth District Court, and the victims should seek release of the funds.[15] Burningham also argued that the victims have not sought release of the funds because they want to argue at the civil trial that they have still not been paid.[16]

9. In the alternative, Burningham requests that a "monthly payment of $500" for his restitution be set or that determination of monthly payments be left to the probation officer as she reviews and assesses his current financial documents.[17]

---

[13] Motion for Restitution Payments, at 2.

[14] *Id.*

[15] Burningham's Response at 2.

[16] *Id.*

[17] *Id.* at 3.

## ORDER

IT IS HEREBY ORDERED that the prosecution's Motion for Restitution Payments is GRANTED. The Federal Probation Office shall review Burningham's financial records and determine a reasonable monthly payment plan based on these records. Burningham's payments will apply toward the restitution owed in this case. Defendant's Motion to Stay is DENIED.

Signed June 20, 2024.

BY THE COURT

David Nuffer
United States District Judge